[No. 4682.    Decided August 15, 1903.]

JOHN SCHMITZ, *Respondent,* v. L. F. KIRCHAN, *Appellant.*

APPEAL — SUFFICIENCY OF EVIDENCE.

The verdict of the jury will not be set aside because of insufficiency of the evidence, where there is conflicting evidence upon the material issues.

CIVIL ACTION FOR ASSAULT AND BATTERY — EXCESSIVE DAMAGES.

A verdict of $225 for damages because of an assault and battery cannot be said to be excessive, even if no permanent injury were inflicted.

SAME — IMPROPER ADMISSION OF EVIDENCE — HARMLESS ERROR.

In an action for damages on account of assault and battery, the improper admission of rebuttal testimony to the effect that defendant had pleaded guilty before a justice of the peace to a

charge of assault and battery was not prejudicial, where the defendant had already testified that he committed the battery in question.

SAME.

In such an action, the attempt of plaintiff to prove by the justice of the peace that he had been acquitted of a charge of provoking the assault, after the opening statement of counsel had been made to that effect, would not constitute error, when the court did not allow such justice of the peace to proceed farther with his testimony than the identification of plaintiff with such trial, whereupon all further testimony in connection with the provoke case was excluded.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

*E. D. Reiter* and *Myers & Warren,* for appellant.

*Martin & Grant,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—This is an action to recover damages for injuries received from an assault and battery. From a judgment for $225 in favor of plaintiff, defendant appeals. One of the errors assigned is the insufficiency of the evidence to justify the verdict. It is undisputed that the defendant struck the plaintiff in the face once or twice with his fist, blacking his eye, and knocking a piece of skin off his cheek. The plaintiff testified, also, that there was some internal injury to his head, which gathered and broke periodically, and which he thought was caused by broken bones in his nose, resulting from the effect of the blow by the defendant, and that his eyesight was affected, so that he could not do his work as well as formerly, and that he had not summoned medical aid for these ailments because he could not afford the expense. On the other hand, a physician who examined plaintiff immediately after the affray told him then, and

testified on the stand, that the injuries did not amount to anything. It appeared also that the plaintiff went to work the next day after the affray, and had been able to pursue his ordinary calling at all times since. We think there was here such a conflict in the evidence as required the submission of the plaintiff's right to recover to the jury, and, this being so, we ought not to set aside their verdict for want of evidence. The other objection, that nothing more than nominal damages should have been allowed, is also without merit. If plaintiff was entitled to anything at all, he was entitled to substantial damages, and there is nothing to show that the award made was excessive, or the result of passion or prejudice.

Immediately after committing the assault and battery, defendant went before a justice of the peace, and pleaded guilty to the crime of assault and battery. On this trial the justice was placed upon the stand by plaintiff in rebuttal, and questioned concerning that prosecution, in the course of which he was asked, "What was the termination of that case?" and, over objection, answered, "He pleaded guilty." This was objected to, on the ground that it was improper as rebuttal, inasmuch as the defendant had already testified that he did strike plaintiff, and consequently there was no issue upon that matter, and, further, that it should have been proven by the record. The very fact, however, that the defendant had admitted the battery rendered the error, if any, harmless. The plea of guilty was admissible on plaintiff's case in chief, as an admission of the act charged (Wharton on Evidence, § 783), and in rebuttal to contradict the defendant, and while there seems to be little purpose for its introduction after the assault and battery had been admitted, we cannot say that it was in any way prejudicial.

The attorney for plaintiff, in his opening statement to the jury, said that he would prove that the defendant, at the time he pleaded guilty of assaulting the plaintiff, had the plaintiff arrested under the statute making it a misdemeanor for any person to provoke, or attempt to provoke, another person to commit an assault, and that the plaintiff on a trial for the alleged offense had been promptly acquitted by a jury. Later on, he called as a witness one G. K. Birge who testified as follows (we quote from the record):

"Q. State your name to the jury. A. G. K. Birge. Q. What official position with reference to the precinct did you hold last June? A. Justice of the peace. Q. Did you have a case of the State vs. John Smith last June? A. I did. Q. I will ask you to turn to that proceeding. I will ask you who was the prosecuting witness in that case? Mr. Myers: Objects. The Court: Sustains the objection. Plaintiff excepts to the ruling of the court. Q. I will ask you, Mr. Birge, if the case mentioned in your book as being the State of Washington vs. John Smith, if that is the John Smith here? A. It is. Q. I will ask you if the facts which were the foundation of that action existed between Mr. Kirchan and Mr. Smith? Mr. Myers objects as incompetent, irrelevant and immaterial. The Court: He may answer. Defendant excepts to the ruling of the court. A. Yes. Mr. Martin. I now offer a certified copy of the judgment in that case. Mr. Myers. To which the defendant objects upon the ground that it is incompetent, irrelevant and immaterial. The Court sustains the objection."

The appellant argues that this evidence, taken together with the appellant's opening statement, made it clear to the jury that the plaintiff had been acquitted of a charge of attempting to provoke an assault, based upon the facts then in question before the jury, and that it was error to admit any evidence of that trial before the jury. But we

think the conclusion the defendant draws from this part of the record is not warranted by anything contained in it. The opening statement of counsel was not evidence, and, moreover, was not even objected to, and clearly there is nothing in the evidence above quoted which could in the remotest degree inform the jury as to the nature or result of the action tried before him in which the state was plaintiff and the plaintiff here was defendant. The examination was merely preliminary, and was properly allowed to proceed until the matter to which it was introductory was reached.

As we find no substantial error in the record, the judgment will stand affirmed.

HADLEY, ANDERS, DUNBAR and MOUNT, JJ., concur.